**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  ROMA PRESLEY, AS SPECIAL | ) | |
| ADMINSTRATOR OF THE ESTATE | ) | |
| OF JOSHUA WAYNE HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-CV-00387-JFH-FHM |
| | ) | |
| (2)  CITY OF TULSA, a municipal | ) | |
| Corporation; | ) | DEFENDANTS DEMAND |
| (3)  NIGEL HARRIS, individually; | ) | JURY TRIAL |
| (4)  STEVEN DOUGLAS, individually; | ) | |
| (5)  JAYE TAYLOR, individually; | ) | |
| (6)  PATRICK DUNLAP, individually; | ) | |
| (7)  CHARLES JORDAN, individually; | ) | |
| (8)  AMERICAN MEDICAL RESPONSE | ) | |
| AMBULANCE SERVICE, INC., a | ) | |
| Foreign corporation; | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS NIGEL HARRIS, STEVEN DOUGLAS, JAYE TAYLOR**
**AND PATRICK DUNLAP**

Defendants Nigel Harris, Steven Douglas, Jaye Taylor and Patrick Dunlap  submits

their Answer and, except for those allegations expressly admitted herein, deny each and

every material allegation of Plaintiff's Petition, filed in Tulsa County, District Court, on May

5, 2020, Case No. CJ-2020-1518. Defendants filed a Notice of Removal to Federal Court on

August 6, 2020 [Dkt. 2 ]. The Defendants further respond to the individual paragraphs of the

Petition,  as follows:

**I.**

**INTRODUCTION**

Defendants deny that Plaintiff's "Introduction" to the Petition is a proper method of stating allegations in a Petition/Complaint, thus Defendants deny the "Introduction" in its entirety.  Further Defendants deny each and every material allegation in the "Introduction".

## II.

## PARTIES, JURISDICTION & VENUE

1. Defendants lack sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's Petition.

2. Defendants admit that the City is a municipal corporation situated mostly within Tulsa, County, Oklahoma.  Defendants  also admit that at all times relevant hereto, the City employed Defendants Harris, Douglas, Taylor and Dunlap as police officers with the Tulsa Police Department.

3. Defendants admit  the allegations in Paragraph 3 of Plaintiff's Petition.

4. Defendants admit that Defendant Charles Jordan is a resident of Tulsa County, Oklahoma. City and admit that at all relevant times, Chief Jordan was acting under color of and authority of state law and within the scope of his employment, and within his individual capacity as the Chief of Police of the Tulsa Police Department.  Defendants admit that as Chief of Police, Jordan was a final policy-maker.  Defendants deny all other allegations in Paragraph 4 of Plaintiff's Petition.

5. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 5 of Plaintiff's Petition.

6. Defendants admit that jurisdiction and venue are proper as alleged in Paragraph 6 of Plaintiff's Petition.

7. Defendants admit City received Plaintiff's notice of tort claim on August 6, 2019 and that the claim was denied by operation of law. Defendants deny all other allegations in Paragraph 7 of Plaintiff's Petition.

### III.

### STATEMENT OF FACTS

8. On August 24, 2018, at approximately 7:30 a.m., Officers Taylor, Dunlap, Harris and Douglas responded to a "check subject" call. It had been reported that the subject was "ranting and stripping off his clothing".

9. Defendants admit, based on information and belief, Officer Douglas wanted to assist because he believed the suspect might be under the influence of PCP, K2, bath salts or other mind altering drugs. Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Petition.

10. Defendants admit the officers encountered and approached Joshua Harvey. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 10 of Plaintiff's Petition, thus they deny them.

11. Defendants lack sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Petition, thus they deny them.

12. Defendants deny the allegations in Paragraph 12 of Plaintiff's Petition.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Petition.

14. TPD officers may request the assistance of a designated Crisis Intervention Team (CIT) officer in responding to situations involving persons with an actual

or perceived mental health condition, if feasible, such as if the situation is safe, the suspect is not a threat, and a CIT officer is available.

15. Given the vagueness of Plaintiff's allegations in Paragraph 15 of the Petition, Defendants lack sufficient information to admit or deny the allegations, thus they deny them.

16. Defendants lack specific information to admit or deny the allegations, as phrased, in Paragraph 16 of Plaintiff's Petition.

17. Defendants deny that the "check subject" call involved a person with an actual or perceived mental health condition. Defendants admit that at least one officer thought, based on his training, education, and experience that the subject's erratic behavior may have been due to mind altering drugs. Defendants admit that the officers did not request the assistance of CIT officers and/or civilian mental health workers, as the scene was unsafe, chaotic, unstable, and rapidly unfolding.

18. Defendants admit that based on observing the subject, Joshua Harvey, that he was highly agitated and appeared under the influence of mind altering substances.

19. Defendants admit that the subject had been running into the street, posing a serious risk to himself and others. Defendants admit that the subject pulled away from Officer Harris and ran. Defendants admit Officer Harris followed the subject (Harvey) until Officer Harris was instructed to hold back. Defendants admit the officers attempted to use de-escalation techniques including allowing

more time, options and resources to arrive, as well as allowing Harvey to tire in any effort to encourage him to de-escalate.

20.  Defendants deny the allegations in Paragraph 20 of Plaintiff's Petition, as phrased, because the allegations misstate the timing of the events and fail to include all of the statements made by Officer Douglas.

21.  Given the vagueness of Plaintiff's allegations in Paragraph 21, Defendants lack sufficient information to admit or deny the allegations, thus Defendants deny them.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Petition.

23. Defendants admit the allegations in Paragraph 23 of Plaintiff's Petition.

24. Defendants deny they "cornered" Harvey. Defendants lack sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiff's Petition, thus they deny them.

25. Defendants lack sufficient information to admit or deny whether "Joshua's" intent was to seek "refuge" in the Arvest Bank, thus Defendants deny those allegations in Paragraph 25 of Plaintiff's Petition.  Defendants admit that Harvey shattered the glass door of the locked Arvest Bank.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's Petition.

27.  Defendants deny  the allegations in Paragraph 27 of Plaintiff's Petition.

28.  Defendants admit the allegations in Paragraph 28 of Plaintiff's Petition.

29. Given the vagueness of Plaintiff's allegations in Paragraph 29, Defendants lack sufficient information to admit or deny the allegations, thus the Defendants deny them.

30. Given the vagueness of Plaintiff's allegations in Paragraph 30, Defendants lack sufficient information to admit or deny the allegations, thus they deny them.

31. Defendants deny the allegations in Paragraph 31 of Plaintiff's Petition.

32. Given the vagueness of Plaintiff's allegations in Paragraph 32, Defendants lack sufficient information to admit or deny the allegations, thus thy deny them.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's Petition and demand strict proof thereof.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's Petition and demand strict proof thereof.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's Petition.

36. Given the vagueness of Plaintiff's allegations in Paragraph 36, Defendants lack sufficient information to admit or deny the allegations, thus they deny them.

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's Petition.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Petition.

39. Defendants lack sufficient information to admit or deny the allegations in Paragraph 39 of Plaintiff's Petition, thus deny them.

40. Defendants lack sufficient information to admit or deny the allegations in Paragraph 40 of Plaintiff's Petition, thus deny them.

41. Defendants lack sufficient information to admit or deny the allegations in Paragraph 41 of Plaintiff's Petition, thus deny them.

42. Defendants lack sufficient information to admit or deny the allegations in Paragraph 42 of Plaintiff's Petition, thus deny them.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Petition and demand strict proof thereof.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Petition and demand strict proof thereof.

45. Defendants deny the allegation in Paragraph 45 a-c of Plaintiff's Petition and demand strict proof thereof.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Petition and demand strict proof thereof.

47. Defendants lack sufficient information to admit or deny the allegations in Paragraph 47 of Plaintiff's Petition, thus deny them.

48. Defendants lack sufficient to admit or deny the allegations in Paragraph 48 of Plaintiff's Petition, thus deny them.

49. Defendants lack sufficient to admit or deny the allegations in Paragraph 49 of Plaintiff's Petition, thus deny them.

50. Defendants deny the allegation in Paragraph 50 and demand strict proof thereof.

51. Defendants lack sufficient to admit or deny the allegations in Paragraph 51 of Plaintiff's Petition, thus deny them.

52. Defendants lack sufficient to admit or deny the allegations in Paragraph 52 of Plaintiff's Petition, thus deny them.

53. Defendants lack sufficient to admit or deny the allegations in Paragraph 53 of Plaintiff's Petition, thus deny them.

54. Defendants lack sufficient to admit or deny the allegations in Paragraph 54 of Plaintiff's Petition, thus deny them.

55.  Defendants admit the allegations in Paragraph 55 of Plaintiff's Petition.

56.  Defendants admit the allegations in Paragraph 56 of Plaintiff's Petition.

57.  Defendants deny the allegations in Paragraph 57 of Plaintiff's Petition.

58.  Defendants deny all the allegations in Paragraph 58 of Plaintiff's Petition.

59.  Defendants lack sufficient information to admit or deny the allegations in
Paragraph 59 of Plaintiff's Petition, thus deny them.

60.  Defendants lack sufficient information to admit or deny the allegations in
Paragraph 60 of Plaintiff's Petition, thus deny them.

61. Defendants lack sufficient information to admit or deny the allegations in
Paragraph 61 of Plaintiff's Petition, thus deny them.

62.  Defendants lack sufficient information to admit or deny the allegations in
Paragraph 62 of Plaintiff's Petition, thus deny them.

63.  Based on information and belief, defendants admit Harvey did not regain
consciousness and was pronounced dead three days later.

64.  Defendants deny the allegations in Paragraph 64 of Plaintiff's Petition.

65.  Defendants lack sufficient information to admit or deny the allegations in
Paragraph 65 of Plaintiff's Petition, thus deny them.

66. Defendants lack sufficient information to admit or deny the allegations in
Paragraph 66 of Plaintiff's Petition, thus deny them.

67.  Defendants admit Officers Harris and Douglas were trained regarding the use
of CEWs.  Given the vagueness of the remaining allegations in Paragraph 67 of
Plaintiff's Petition, Defendants lack sufficient information to admit or deny
them, thus deny the allegations.

68.  Defendants admit that Officers Taylor and Dunlap were trained regarding TPD procedure. Given the vagueness of the remaining allegations in Paragraph 68 of Plaintiff's Petition, Defendants lack sufficient information to admit or deny them, thus deny the allegations.

69. Given the vagueness of the allegations in Paragraph 69 of Plaintiff's Petition, Defendants lack sufficient information to admit or deny the allegations, thus deny them.

70. Defendants lack sufficient information to admit or deny the allegations in Paragraph 70 of Plaintiff's Petition, thus deny them.

71. Given the vagueness of the allegations in Paragraph 71 of Plaintiff's Petition, Defendants lack sufficient information to admit or deny the allegations, thus deny them.

72. Given the vagueness of the allegations in Paragraph 72 of Plaintiff's Petition, Defendants lack sufficient information to admit or deny the allegations, thus deny them.

73.  Defendants deny the allegations in Paragraph 73 of Plaintiff's Petition and demand strict proof thereof.

74. Defendants deny the allegations in Paragraph 74 a-e of Plaintiff's Petition and demand strict proof thereof.

75.  Defendants deny the allegations in Paragraph 75 of Plaintiff's Petition and demand strict proof thereof.

76.  Defendants deny the allegations in Paragraph 76 of Plaintiff's Petition and demand strict proof thereof.

77. Defendants deny the allegations in Paragraph 77 of Plaintiff's Petition and demand strict proof thereof.

78. Given the vagueness of the allegations in Paragraph 78 of Plaintiff's Petition, Defendants lack sufficient information to admit or deny the allegations, thus deny them.

79. Defendants deny the allegations in Paragraph 79 of Plaintiff's Petition and demand strict proof thereof.

## IV.

### STATEMENT OF CLAIMS

#### COUNT 1

**42 U.S.C. § 1983-FOURTH AMENDMENT VIOLATION-EXCESSIVE FORCE
(AS TO ALL LAW ENFORCEMENT DEFENDANTS)**

80. Defendants adopt and incorporate their prior responses as if fully set forth herein.

81. Defendants admit the allegations in Paragraph 81 of Plaintiff's Petition.

82. Defendants admit the allegations in Paragraph 82 of Plaintiff's Petition.

83. Defendants deny the allegations in Paragraph 83 of Plaintiff's Petition and demand strict proof thereof.

84. Defendants deny the allegations in Paragraph 84 of Plaintiff's Petition and demand strict proof thereof.

85. Defendants deny the allegations in Paragraph 85 a-3 of Plaintiff's Petition and demand strict proof thereof.

86. Defendants deny the allegations in Paragraph 86 a-d of Plaintiff's Petition and demand strict proof thereof.

87. Defendants deny the allegations in Paragraph 87 of Plaintiff's Petition and demand strict proof thereof.

88. Defendants deny the allegations in Paragraph 88 of Plaintiff's Petition and demand strict proof thereof.

89. Defendants deny the allegations in Paragraph 89 of Plaintiff's Petition and demands strict proof thereof.

90. Defendants deny the allegations in Paragraph 90 of Plaintiff's Petition and demand strict proof thereof.

91.  Defendants deny the allegations in Paragraph 91 of Plaintiff's Petition and demand strict proof thereof.

### Count 2

**42 U.S.C. § 1983-FOURTEENTH AMENDMENT VIOLATION-DEPRIVATION OF LIFE WITHOUT DUE PROCESS**
**(AS TO ALL LAW ENFORCEMENT DEFENDANTS)**

92. Defendants adopt and incorporate their prior responses as if fully set forth herein.

93. Paragraph 93 of Plaintiff's Petition is simply a legal conclusion of the Plaintiff which does not require a response from Defendants.  However, to the extent Paragraph 93 infers or alleges any wrongdoing on the part of the individual Defendants or the City, the Defendants deny the same.

94. Paragraph 94 of Plaintiff's Petition is simply a legal conclusion of the Plaintiff which does not require a response from Defendants.  However, to the extent Paragraph 94 infers or alleges any wrongdoing on the part of the individual Defendants or the City, the Defendants deny the same.

95. Defendants deny the allegations in Paragraph 95 of Plaintiff's Petition and demand strict proof thereof.

96. Defendants deny the allegations in Paragraph 96 of Plaintiff's Petition and demand strict proof thereof.

97.  Defendants deny the allegations in Paragraph 97 of Plaintiff's Petition and demand strict proof thereof.

98. Defendants deny the allegations in Paragraph 98 of Plaintiff's Petition and demand strict proof thereof.

99. Defendants deny the allegations in Paragraph 99 of Plaintiff's Petition and demand strict proof thereof.

100. Defendants deny the allegations in Paragraph 100 of Plaintiff's Petition and demand strict proof thereof.

101. Defendants deny the allegations in Paragraph 101 of Plaintiff's Petition and demand strict proof thereof.

102. Defendants deny the allegations in Paragraph 102 of Plaintiff's Petition and demand strict proof thereof.

103. Defendants deny the allegations in Paragraph 103 of Plaintiff's Petition and demand strict proof thereof.

## Count 3

**42 U.S.C. § 1983-FOURTEENTH AMENDMENT VIOLATION-DELIBERATE
INDIFFERENCE TO MEDICAL NEED
(AS TO ALL LAW ENFORCEMENT DEFENDANTS)**

104. Defendants adopt and incorporate its prior responses as if fully set forth herein.

105.  Given the vagueness of the allegations in Paragraph 105 of Plaintiff's Petition, Defendants lack the sufficient information to admit or deny the allegations, thus deny them.

106.  Paragraph 106 of Plaintiff's Petition is simply a legal conclusion of the Plaintiff which does not require a response from Defendants.  However, to the extent Paragraph 106 infers or alleges any wrongdoing on the part of the individual Defendants or the City, the Defendants deny the same.

107.  Defendants deny the allegations in Paragraph 107 a-e of Plaintiff's Petition and demand strict proof thereof.

108.  Defendants deny the allegations in Paragraph 108 of Plaintiff's Petition and demand strict proof thereof.

109.  Defendants deny the allegations in Paragraph 109 of Plaintiff's Petition and demand strict proof thereof.

110.  Defendants deny the allegations in Paragraph 110 of Plaintiff's Petition and demand strict proof thereof.

**COUNT 4**

**42 U.S.C. § 1983-FOURTEENTH AMENDMENT VIOLATION-DELIBERATELY INDIFFERRERENT PRACTICES, CUSTOMS, TRAINING,SUPERVISION, AND RATIFICATION-*MONELL* CLAIM (AS TO CITY)**

111.  Defendants adopt and incorporate their prior responses as if fully set forth herein.

112.  Paragraph 112 is merely a statement of law, thus no response is required.

113.  Paragraph 113 of Plaintiff's Petition is simply a legal conclusion of the Plaintiff which does not require a response from Defendants.  However, to the extent

Paragraph 106 infers or alleges any wrongdoing on the part of the individual Defendants or the City, the Defendants deny the same.

114. Paragraph 114 of Plaintiff's Petition is simply a legal conclusion of the Plaintiff which does not require a response from Defendants.  However, to the extent Paragraph 1114 infers or alleges any wrongdoing on the part of the individual Defendants or the City, the Defendants deny the same.

115. Defendants deny the allegations in Paragraph 115 of Plaintiff's Petition.

116. Defendants deny the allegations in Paragraph 116 of Plaintiff's Petition and demand strict proof thereof.

117. Defendants deny the allegations in Paragraph 117 of Plaintiff's Petition and demand strict proof thereof.

118. Defendants deny the allegations in Paragraph 118 of Plaintiff's Petition and demand strict proof thereof.

119. Defendants deny the allegations in Paragraph 119 of Plaintiff's Petition and demand strict proof thereof.

120. Defendants deny the allegations in Paragraph 120 of Plaintiff's Petition and demand strict proof thereof.

121. Defendants deny the allegations in Paragraph 121 of Plaintiff's Petition and demand strict proof thereof.

122. Defendants deny the allegations in Paragraph 122 of Plaintiff's Petition and demand strict proof thereof.

123. Defendants deny the allegations in Paragraph 123 of Plaintiff's Petition and demand strict proof thereof.

124. Defendants deny the allegations in Paragraph 124 of Plaintiff's Petition and demand strict proof thereof.

125. Defendants deny the allegations in Paragraph 125 of Plaintiff's Petition and demand strict proof thereof.

126. Defendants deny the allegations in Paragraph 126 of Plaintiff's Petition and demand strict proof thereof.

127. Defendants deny the allegations in Paragraph 127 of Plaintiff's Petition and demand strict proof thereof.

128. Defendants deny the allegations in Paragraph 128 of Plaintiff's Petition and demand strict proof thereof.

129. Defendants deny the allegations in Paragraph 129 of Plaintiff's Petition and demand strict proof thereof.

130. Defendants deny the allegations in Paragraph 130 of Plaintiff's Petition and demand strict proof thereof.

131. Defendants deny the allegations in Paragraph 131 of Plaintiff's Petition and demand strict proof thereof.

132. Defendants deny the allegations in Paragraph 132 of Plaintiff's Petition and demand strict proof thereof.

133. Defendants deny the allegations in Paragraph 133 of Plaintiff's Petition and demand strict proof thereof.

## COUNT 6[1]

## 42 U.S.C. § 1983-FOURTEENTH AMENDMENT VIOLATION-SUPERVISORY LIABILITY

---

[1] Plaintiff's petition does not have a "Count 5" but has two "Count 6s"

**(AS TO DEFENDANT JORDAN)**

134. Defendants adopt and incorporate their prior responses as if fully set forth herein.

135. Paragraph 135 is merely a statement of law, thus no response is required.

136. Due to the vagueness and incomplete sentence in Plaintiff's Paragraph 136, Defendants lack sufficient information to admit or deny the allegations, thus Defendants deny them.

137. Defendants deny the allegations in Paragraph 137 of Plaintiff's Petition.

138. Defendants deny the allegations in Paragraph 138 of Plaintiff's Petition.

139. Defendants deny the allegations in Paragraph 139 of Plaintiff's Petition.

140. Defendants deny the allegations in Paragraph 140 of Plaintiff's Petition.

141. Defendants deny the allegations in Paragraph 141 of Plaintiff's Petition.

142. Defendants deny the allegations in Paragraph 142 of Plaintiff's Petition.

143. Defendants deny the allegations in Paragraph 143 of Plaintiff's Petition.

144. Defendants deny the allegations in Paragraph 144 of Plaintiff's Petition.

145. Defendants deny the allegations in Paragraph 145 of Plaintiff's Petition.

## COUNT 6[2]

**42 U.S.C. §§ 12101-213-DELIBERTE INDIFFERENCE TO RIGHTS SECURED UNDER THE AMERICANS WITH DISABILITIES ACT (ADA)**
**(AS TO CITY)**

146. Defendants adopt and incorporate their prior responses as if fully set forth herein.

---

[2] Plaintiff's petition does not have a "Count 5" but has two "Count 6s"

147. Defendants lack sufficient information to admit or deny allegations in Paragraph 147 of Plaintiff's Petition, thus deny them.

148. Defendants lack sufficient information to admit or deny allegations in Paragraph 148 of Plaintiff's Petition, thus deny them.

149. Defendants deny the allegations in Paragraph 149 of Plaintiff's Petition and demand strict proof thereof.

150. Defendants deny the allegations in Paragraph 150 of Plaintiff's Petition and demand strict proof thereof.

151. Defendants deny the allegations in Paragraph 151 of Plaintiff's Petition and demand strict proof thereof.

152. Defendants deny the allegations in Paragraph 152 of Plaintiff's Petition and demand strict proof thereof.

153. Defendants deny the allegations in Paragraph 153 of Plaintiff's Petition and demand strict proof thereof.

## COUNT 7

### COMMON LAW-NEGLIGENCE
### (AS TO CITY)

154. Defendants adopt and incorporate their prior responses as if fully set forth herein.

155. Denies deny the allegations in Paragraph 155 of Plaintiff's Petition and demand strict proof thereof.

## COUNT 8

### STATUTORY LIABILITY-EXCESSIVE FORCE
### (AS TO CITY)

156. Defendants adopt and incorporate its prior responses as if fully set forth herein.

157. Defendants deny the allegations in Paragraph 157 of Plaintiff's Petition and demand strict proof thereof.

158. Defendants deny the allegations in Paragraph 158 of Plaintiff's Petition and demand strict proof thereof.

### COUNT 9

**COMMON LAW-NEGLIGENT TRAINING AND SUPERVISION
(AS TO DEFENDANT AMR)**

159. Defendants adopt and incorporate their prior responses as if fully set forth herein.

160. Defendants lacks sufficient information to admit or deny the allegations in Paragraph 160 of Plaintiff's Petition, thus deny the allegations.

161. Defendants lack sufficient information to admit or deny the allegations in Paragraph 161 of Plaintiff's Petition, thus deny the allegations.

162. Defendants lack sufficient information to admit or deny the allegations in Paragraph 162 of Plaintiff's Petition, thus deny the allegations.

163. Defendants lack sufficient information to admit or deny the allegations in Paragraph 163 of Plaintiff's Petition, thus deny the allegations.

164. Defendants lack sufficient information to admit or deny the allegations in Paragraph 164 of Plaintiff's Petition, thus deny the allegations.

165. Defendants lack sufficient information to admit or deny the allegations in Paragraph 165 of Plaintiff's Petition, thus deny the allegations.

### COUNT 10

## COMMON LAW-NEGLIGENCE-VICARIOUS LIABILITY
### (AS TO DEFENDANT AMR)

166. Defendants adopt and incorporate their prior responses as if fully set forth herein.

167. Defendants lack sufficient information to admit or deny the allegations in Paragraph 167 of Plaintiff's Petition, thus deny the allegations.

168. Defendants lack sufficient information to admit or deny the allegations in Paragraph 168 of Plaintiff's Petition, thus deny the allegations.

169. Defendants lack sufficient information to admit or deny the allegations in Paragraph 169 of Plaintiff's Petition, thus deny the allegations.

170. Defendants lack sufficient information to admit or deny the allegations in Paragraph 170 of Plaintiff's Petition, thus deny the allegations.

171. City lacks sufficient information to admit or deny the allegations in Paragraph 171 of Plaintiff's Petition, thus deny the allegations.

172. Defendants lack sufficient information to admit or deny the allegations in Paragraph 172 of Plaintiff's Petition, thus deny the allegations.

173. Defendants lack sufficient information to admit or deny the allegations in Paragraph 173 of Plaintiff's Petition, thus deny the allegations.

174. Defendants deny sufficient information to admit or deny the allegations in Paragraph 174 of Plaintiff's Petition, thus deny the allegations.

175. Defendants lack sufficient information to admit or deny the allegations in Paragraph 175 of Plaintiff's Petition, thus deny the allegations.

176. Defendants lack sufficient information to admit or deny the allegations in Paragraph 176 of Plaintiff's Petition, thus deny the allegations.

177. Defendants lack sufficient information to admit or deny the allegations in Paragraph 177 of Plaintiff's Petition, thus deny the allegations.

178. Defendants lack sufficient information to admit or deny the allegations in Paragraph 178 of Plaintiff's Petition, thus deny the allegations.

## COUNT 11

**WRONGFUL DEATH**
**(AS TO ALL DEFENDANTS)**

179. Paragraph 179 of Plaintiff's Petition is merely a statement of the law, thus no response is required.

180. Defendants deny the allegations in Paragraph 180 of Plaintiff's Petition and demand strict proof thereof.

## COUNT 12

**SURVIVAL CLAIM**
**(AS TO ALL DEFENDANTS)**

181. Defendants deny the allegations in Paragraph 181 of Plaintiff's Petition and demand strict proof thereof.

Defendants deny Plaintiff is entitled to the Relief Requested in her Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim upon which relief may be granted because Joshua Harvey's constitutional rights were not violated and given the circumstance, those rights were not clearly established.  Given the totality of the circumstances, the defendant officers reasonably believed their actions were lawful. The defendant officers are entitled to Qualified Immunity.

2.      Based on Joshua Harvey's size, strength, his erratic and violent actions in physically resisting arrest and refusing to obey commands, and his imminently dangerous behavior, the force used on Joshua Harvey was at all times objectively reasonable.

3.      Joshua Harvey's failure to comply with reasonable police commands, his escalating erratic, violent criminal behavior of breaking a locked glass door of a bank with people inside the bank, and his active resisting arrest, posed an immediate threat to the safety of the TPD officers and others, thus the officers' use of force was at all times objectively reasonable.

4.      Given the totality of the facts and circumstances known to the TPD officers at the time force was used, judged from the perspective of a reasonable office, the use of force, at all times was objectively reasonable.

5.      The defendants' actions or inactions did not proximately cause Plaintiff's injuries.

6.      The City's policies were lawful and constitutional on their face, and the Plaintiff cannot prove that the City's policies, practices, or procedures caused any alleged constitutional injury to Joshua Harvey.

7.      Defendants deny there is any direct causal link which supports Plaintiff's claims that any policy or custom, or the alleged failure of the City to adopt a policy or custom, or to adequately train or supervise Defendants or any other City employee was the direct cause of any damage or injury to Plaintiff.

8.      Defendants did not have actual or constructive notice that their actions or failure to act were substantially certain to result in a violation of Joshua Harvey's

constitutional rights, nor did the Defendants consciously or deliberately choose to disregard any such risk of harm.

9.      Absent a properly proven predicate constitutional violation by an individual defendant, the City cannot be held liable under Section 1983 for alleged failures of policy, training or supervision.

10.     The City or its final policy makers, including Charles Jordan, did not act or fail to act in any way that would have ratified any alleged constitutional violation or the basis for any such allegations.  The City's enforcement of the City's policies was not the moving force behind any alleged constitutional violations.

11.     The City is not subject to vicarious or *respondeat superior* liability.

12.     Plaintiff's claims are or may be barred by applicable statute(s) of limitations.

13.     The need for further training or supervision was not so obvious to the policymaking officials as to support liability.

14.     Plaintiff fails to state a claim for supervisory liability against defendants because Joshua Harvey's constitutional rights were not violated and no actions of Defendant Jordan or any final policy-maker was the cause of any alleged constitutional violation. Defendant Jordan did not act with recklessness or deliberate indifference to Joshua Harvey's constitutional rights.  Further, Defendant Jordan did not know of or acquiesce to any alleged violation of Joshua Harvey's constitutional rights and Defendant Jordan's actions were not negligent in any manner.

15.     The defendants' actions were at all times reasonable under the circumstances.

16.     There is no evidence that the Defendants acted with any malice towards Plaintiff.

17.     The damages complained of may have been caused in whole or in part by third parties over whom the City exercises no control.

18.     Plaintiff fails to allege a sufficient basis for policy, pattern and custom warranting the imposition of liability.

19.     Defendants, at all relevant times, had probable cause for any and all actions taken and acted at all times defendants' actions were objectively reasonable, in good faith, and without malice.

20.     The City is not jointly and severally liable.

21.     The doctrine of collateral estoppel/issue preclusion bars liability against the defendants.

22.     The doctrine of waiver bars liability against the defendants.

23.     Plaintiff cannot recover punitive damages against the City.

24.     Plaintiff's claim for punitive damages are further barred by Oklahoma and United States Constitutions.

25.      Plaintiff's state law causes of action are or may be barred in whole or in part by the Oklahoma Governmental Tort Claims Act, , 51 O.S. §§ 151 *et seq.*

26.      Joshua Harvey's violent actions were the legal cause of his injuries.

27.     Plaintiff's claims may be barred, in whole or in part by the Oklahoma Governmental Tort Claims Act.

28.     The Plaintiff's claims are barred by the doctrine of contributory negligence.

29.     The Plaintiff's claims are barred by the doctrine of assumption of the risk.

30.     The Plaintiff's claims are barred because Joshua Harvey's death was caused by pre-existing conditions, including his severe atherosclerotic cardiovascular disease, cardiomegaly, and kidney disease.

31.     The City is not jointly and severally liable.

32.     Plaintiff's claims for damages are barred by the equitable doctrine of Unclean Hands.

33.     Plaintiff's claims for damages are barred because Joshua Harvey's death was caused by methamphetamine toxicity and pre-existing health conditions.

34.     Plaintiff fails to state a cause of action because defendants did not violate Joshua Harvey's Fourth or Fourteenth Amendment rights under the constitution.

35.     Plaintiff fails to state a cause of action under the Americans with Disabilities Act, 42 U.S.C. §12101-213 as this statute prohibits discrimination against people with disabilities in employment, transportation, public accommodations, communications and access to state and local government programs and services.  Any such claim of violation is not the legal cause of Plaintiff's damages.

36.     Plaintiff fails to state a cause of action for Wrongful Death.

37.     Plaintiff fails to state a cause of action for Plaintiff's Survivor claim.

38.     All tort claims against the City are subject to the requirements of the Oklahoma Government Tort Claims Act.  The City demands strict compliance therewith.

39.     Any claim for damages under the Tort Claims Act is limited to the caps set forth in the GTCA:  $175,000.00 for personal injuries.

40. Plaintiff's claim for injuries is or may be barred in whole or in part by the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et seq.*

41. The alleged physical conditions complained of are the natural, probable and proximate result of the physical condition, anatomy, and physiology of Joshua Harvey, and any injuries or damage which he may have sustained were not the result of any act or omission on the part of the defendants.

42. For further answer and defense, the defendants reserve the right to plead additional affirmative defenses and to amend this Answer, at any time, up to and including Pre-Trial.

WHEREFORE, the defendants respectfully requests Plaintiff's Petition ultimately be dismissed and/or that judgment be entered in favor of defendants and against Plaintiff.

Respectfully Submitted,

CITY OF TULSA,
a municipal corporation

DAVID E. O'MEILIA,
City Attorney


BY:      //s/T. Michelle McGrew
Gerald M. Bender, OBA #14471
Litigation Division Manager
T. Michelle McGrew, OBA #20279
Kristina L. Gray, OBA #21685
Senior Assistant City Attorneys
City Hall, One Technology Center
175 East Second Street, Suite 685
Tulsa, Oklahoma 74103
(918) 596-7717 Telephone
(918) 596-9700 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of August, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

<u>**ATTORNEYS FOR PLAINTIFF**</u>
Damario Solomon-Simmons
Solomon-Simmons Law
601 South Boulder Avenue, Suite 600
Tulsa, OK 74119
dss@solomonsimmons.com

and

J. Spencer Bryan
Steven J. Terrill
Bryan & Terrill Law, PLLC
9 East 4th Street, Suite 307
Tulsa, OK 74103
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

<u>**ATTORNEYS FOR AMR**</u>

Nathan E. Clark, OBA # 17275
Two West 2nd Street, Suite 1000
P.O. Box 21100
Tulsa, OK 74121-1100
Telephone:  918/582-1173
Facsimile:   918/592-3390
nclark@rhodesokla.com


//s/T. Michelle McGrew
T. Michelle McGrew