UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ROMA PRESLEY, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF JOSHUA WAYNE HARVEY, <br><br> Plaintiff, <br><br> v. <br><br> (2) CITY OF TULSA, ET AL. <br><br> Defendants. | Case No.: 20-cv-387-JFH-CDL |

**PLAINTIFF'S RESPONSE TO THE MOTION TO COMPEL BY DEFENDANT CITY OF TULSA**

Pursuant to the Local Rules, Plaintiff Roma Presley, as Special Administrator for the Estate of Joshua Harvey (Estate), submits this response to the motion to compel by Defendant City of Tulsa (City). (Doc. 38).

### I.

#### BRIEF SUMMARY OF THE ARGUMENT

City did not establish the relevancy of medical records more than 5 years prior to the death of 26-year-old Joshua Harvey. City already has the Medical Examiner's report documenting the most relevant medical conditions, *i.e.*, those existing at the time of the death, and Estate readily offered a release for 5 years of medical records and 10 years of psychiatric records, but City declined, will not accept this scope, and now demands 10 years of medical records without a corresponding factual basis.

1

## II.

### ARGUMENT AND AUTHORITY

A.     RULE 34 DOES NOT AUTHORIZE THE RELIEF REQUESTED

As a preliminary matter, it is not clear that City can use Rule 34 to compel Estate to execute a HIPAA authorization.

In *Fisher v. Southwestern Bell Telephone Company*, 2008 WL 11383476 (N.D. Okla. Oct. 29, 2008), Judge Joyner recognized the divergent authority addressing use of Rule 34 to obtain medical authorizations. *Id*. at 3. *See also Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008) ("a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure cannot be utilized as a vehicle by which to compel a party to sign an authorization for the release of medical records."); *Ayers v. Cont'l Cas. Co.*, 2007 U.S. Dist. LEXIS 54389, *16 (N.D. W. Va. July 25, 2007) ("There is no provision in Rule 34 for requesting from a party documents that are possessed by another person. While a patient may be able to request medical records from a physician, the records are not sufficiently within the patient's control to qualify under Rule 34."); *EEOC v. Consol. Realty, Inc.*, 2007 U.S. Dist. LEXIS 36384 (D. Nev. May 16, 2007) (Court refused to compel production of signed medical releases without a showing that the information requested was relevant); *Becker v. Securitas Sec. Services USA, Inc.*, 2007 U.S. Dist. LEXIS 15818, 2007 WL 677711, at *3 (D. Kan. March 2, 2007) ("Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party.  In light of the above, the Court concludes that it has no authority -- under either Rule 34 or Rule 37 -- to compel Plaintiff to sign the records authorizations."); *see also Shaw v. Management & Training Corp.*, 2005 U.S. Dist. LEXIS 2348 (D. Kan. 2005) (the Court finds no basis within Rule 34 to compel a party to sign a release); *Clark v. Vega Wholesale*, 181 F.R.D.

470, 472 (D. Nev. 1998); *Neal v. Boulder*, 142 F.R.D. 325 (D. Colo. 1992) (no basis under Fed. R. Civ. P. 34 that would allow the court to compel providing the release forms requested).

In *Fischer*, the Court ultimately directed the parties to use Rule 45 subpoenas based on the explicit HIPAA provision authorizing disclosure of medical records in judicial proceedings. And while local practice usually involves voluntarily providing an authorization, just like the two authorizations Estate already offered here, City cannot circumvent the proper method for seeking records simply because a dispute arises. Accordingly, because Rule 34 is not a proper vehicle for obtaining a medical authorization, Estate respectfully requests the Court deny the motion.

B.   OKLAHOMA LAW DOES NOT SUPPORT UNLIMITED ACCESS

City argued it has an unlimited state law right to access to every conceivable medical record of Joshua Harvey. Notably, City failed to cite anything supporting that proposition. Well-settled Oklahoma law limits the relevancy of prior medical records to the affected body parts. *See, e.g.*, *Holmes v. Nightingale*, 2007 OK 15, ¶ 4, 158 P.3d 1039, 1042 ("The statutes clearly limit any discoverable materials to information relevant to the claims or defenses asserted in the malpractice action or to the injury or death in litigation.").

Furthermore, the Oklahoma Legislature made a policy decision when it enacted a compulsory statute compelling an authorization for medical records that capped the look-back period at 5 years absent a showing a relevancy. *See, e.g.*, 12 O.S. § 19.1(C)(1)(b) (requiring authorization "for a period commencing five (5) years prior to the incident . . ."). Accordingly, to the extent City argued that Oklahoma law either controls the outcome here, or represents persuasive authority on the issues presented, Estate respectfully submits those contentions lack merit.

### C. CITY DID NOT ESTABLISH RELEVANCY UNDER FEDERAL LAW

Rule 26(b) of the Federal Rules of Civil Procedure encompasses the general scope of discovery and provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*See* Fed. R. Civ. P. 26(b)(1).

Further, "when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003). Other courts have held the relevancy of a medical inquiry ten years in scope is not readily apparent. *See, e.g., Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) (limiting scope of request for 10 years of records to 5 years in railroad case); *Tomlinson v. Combined Underwriters Life Ins. Co.*, No. 08-CV-259-TCK-FHM, 2008 U.S. Dist. LEXIS 82192, at *5 (N.D. Okla. Oct. 16, 2008) ("The Court finds that while identification of Plaintiff's health care providers is a reasonable request, there has been no showing that the 10 year time frame is reasonable.").

City argued that ten years is relevant because Joshua played high school football and may have had a physical exam prior to playing that may have included an "electrocardiogram." But City never provided support for the contention that a high school physical would ever include an "electrocardiogram." Rather, it appears City has attempted to reverse engineer a justification for its overly broad request.

City never explained or supported its belief regarding the contents of a high school physical, occurring more than 8 years before the incident, or how it would bear on the claims or

defenses here. According to City, Joshua died from a toxic level of methamphetamine, and not from any preexisting cardiac issue. (Doc. 38, p. 2) ("According to the Medical Examiner's autopsy report, Joshua Harvey's cardiac arrest was due to methamphetamine toxicity."). The relevancy of a high school physical, occurring more than 8 years before Joshua's death, is not readily apparent in light of City's contentions regarding the cause of death.

Additionally, City cannot support its request with any facts suggesting Joshua (1) actually received a physical examination, or if he did; (2) whether a high school physical would plausibly identify any medical issue that might be relevant to his unnatural death 8 years later. City provided medical information from the autopsy documenting atherosclerotic cardiovascular disease, but it did not connect that information with anything that might appear in a high school physical from 8 years ago.

For example, atherosclerotic cardiovascular disease is typically diagnosed using imagining like CT scans or magnetic resonance angiography that can identify hardening and narrowing of large arteries.[1] But City made no assertion that a routine high school physical includes these types of costly procedures, or even an electrocardiogram. At most, a high school physical might include a blood pressure reading, but there is no suggestion that a single blood pressure reading from 8 years before the incident could have any probative value, especially where that reading did not prevent Joshua from playing football.

Rather than pursuing records that have a realistic connection with the case, City is arguing a tenuous position that lacks any plausible relationship to the facts. And City cannot argue that Estate has not acted reasonably in attempting to accommodate its discovery needs. Estate already

---

[1] *See, e.g.*, Li, X., Liu, M., Sun, R., Zeng, Y., Chen, S., Zhang, P. "Atherosclerotic coronary artery disease: The accuracy of measures to diagnose preclinical atherosclerosis". Experimental and Therapeutic Medicine 12.5 (2016): 2899-2902.

offered an unlimited HIPAA authorization for 5 years of medical records, and a separate HIPAA authorization for 10 years of psychiatric records. If City cannot connect the dots with the authorizations and scope of records already offered by Estate, it would be highly implausible that City could bridge that gap with records that are even more remote in time.[2]

**WHEREFORE**, Estate respectfully requests the Court deny the motion and enter such other relief as the Court deems just and equitable.

Respectfully submitted,

Damario Solomon-Simmons, OBA # 20340
**SOLOMONSIMMONSLAW**
601 South Boulder Avenue, Suite 600
Tulsa, Oklahoma 74119
Phone: (918) 551-8999
Fax: (918) 582-6106
Email: dss@solomonsimmons.com

*-and-*

J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
**BRYAN &TERRILL LAW, PLLC**
3015 E. Skelly Dr., #400
Tulsa, Oklahoma 74105
T/F: (918) 935-2777
Email: jsbryan@bryanterrill.com
Email: sjterrill@bryanterrill.com

*-and-*

Cordal Cephas, OBA #33857
**JOHNSON |CEPHAS LAW, PLLC**
3939 S. Harvard Ave., Suite 100
Tulsa, OK 74135
Phone: (918) 877-0266
Email: cordal@johnsoncephaslaw.com

---

[2] Nothing prevents City and Estate from revisiting this issue if City subsequently identifies information that would implicate a broader scope, but as of this filing, City has not even attempted to make that showing.

*-and-*

M. Kevin McIlwain, OBA #34407
**SMILING, SMILING & BURGESS**
9175 S Yale Ave, Ste #300
Tulsa, OK 74137
Office: (918) 477-7500 | Fax: (918) 477-7510
kmcilwain@smilinglaw.com
*Attorneys for Plaintiff*